1 **JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
2 **LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
3 SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
4 FAX: (916) 920-7951

5 ATTORNEY FOR DEFENDANT
EDI CAMACHO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.NO.S-07-0289-LKK |
| ) | |
| PLAINTIFF, ) | STIPULATION AND |
| ) | ORDER TO CONTINUE STATUS |
| v. ) | CONFERENCE TO |
| ) | DECEMBER 18, 2007 |
| EDI CAMACHO, et al, , ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| _____) | |

Plaintiff, the United States of America, by its counsel, Assistant United States Attorneys, Ms. Carolyn Delaney and Mr. Samuel Wong, and defendant, MISAEL CAMACHO, represented by Mr. Dwight Samuel and defendant JUAN CAMACHO, represented by Mr. Gilbert Roque, and defendant EDI CAMACHO, represented by Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for Tuesday, September 25, 2007, at 9:30 a.m., before the Honorable Senior United States District Court Judge, Lawrence K. Karlton, shall be continued to Tuesday, December 18, 2007, at 9:30 a.m..

Ms. Ana Rivas, the Court's courtroom deputy clerk, was contacted by counsel to check the proposed date and the date of Tuesday, December 18, 2007, was open and available for the Court for a further status hearing date. No trial date has been set.

1

1  The defendants are in custody.

## STATUS OF THE CASE TO DATE

On June 27, 2007, the government filed an Indictment against the three defendants. In Count one (1) the government alleges that all three defendants violated Title 21 U.S.C. section 846 and 841(a)(1), conspiracy to possess with intent to distribute and distribute cocaine. In addition, the government alleged that both Edi Camacho and Misael Camacho had been convicted of a prior drug conviction.  In Count two (2) the government alleges that all three defendants violated Title 21 U.S.C. section 841(a)(1) possession of cocaine with intent to distribute. In addition, the government alleged that both Edi Camacho and Misael Camacho had been convicted of a prior drug conviction.

The potential penalties facing the defendants are as follows: for Edi Camacho and Misael Camacho as to both Counts one and two potentially face twenty (20) years to life, a $8,000,000 fine or both and 10 years of supervised release (if not deported) and a $100 assessment on each count: co-defendant Juan Camacho potentially faces on count one and two 10 years to life, a $4,000,000 fine or both, 5 years of supervised release (if not deported) and a $100 assessment on each count.

The case has not been set for motions or for trial.

All of the defendants are in custody in the Sacramento County Jail.

## DISCOVERY TO DATE

The government has provided the following discovery to date:

1-approximately 2,500 pages of discovery (all in English). The discovery needs to be read to the clients since all three defendants only speak and write Spanish and the written discovery to date is only in English.

2-the government has discovered audio tape recordings, which are

2

1  voluminous. The range of recordings in length of time is approximately between 2
2  seconds to almost 5 minutes. The audio tapes are almost all in the Spanish language
3  (there are a few recordings that are in English due to recordings of sales calls for
4  various products that are in English). These audio tapes need to be reviewed by
5  defense counsel with their respective clients and with the assistance of an interpreter.
6  This is and will be a time consuming process.

7      3-the government has represented that more discovery is forth coming
8  adding to what the defense already has been given.

9  Based on the volume of discovery, both in pages (after the new discovery from
10 the government it will be in excess of 2,500 pages) and the audio tapes, this case is
11 complex under the wording of the Speedy Trial Act.

12 In addition, investigation is on going by the defense, and due to the government
13 representing it will produce new and additional discovery, the investigation is in a
14 fluid state and continues to be ongoing.

15
16 **RELATED CASES IN THIS COURT DUE TO THE WIRETAPS**
17
18 On June 5, 2007, the government filed with this Court a notice of related cases
19 for the following cases:
20      1-United States v. Jesus Vega: CR-S-07-165;
21      2- United States v. Rito Beltran-Leon: CR-S-07-170;
22      3- United States v. Jose Portillo: CR-S-07-189.
23 The government gave notice that the cases were related due to the wiretaps that
24 were related. The status of the related cases is as follows:
25 1-United States v. Jesus Vega: CR-S-07-165–the government filed an
26 indictment on April 26, 2007 and a superseding indictment of August 2, 2007 alleging
27 conspiracy with intent to distribute and distribution of at least 5 kilograms of a
28

3

1 mixture and a substance containing a detectable amount of cocaine (alleged violation
2 of Title 21 U.S.C. section 846 and 841(a)(1). On July 31, 2007, a status conference
3 was held and the case was continued to September 25, 2007, with time under the
4 Speedy Trial Act excluded under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and (iv)
5 and Local Codes  T-2 and  T-4 complexity and reasonable time necessary for effective
6 preparation by counsel;

7         2- United States v. Rito Beltran-Leon: CR-S-07-170–the government filed an
8 indictment on April 26, 2007 alleging against all three defendants two counts, Count
9 one conspiracy to possess with intent to distribute and distribution of at least 500
10 grams of a mixture and substance containing a detectable amount of
11 methamphetamine (Title 21 U.S.C. section 846 and 841(a)(1) and count two
12 possession of at least 500 grams of a mixture and substance containing a detectable
13 amount of  methamphetamine with intent to distribute (Title 21 U.S.C. section
14 841(a)(1). Status conferences were held on May 21, June 26 and July 31, 2007 with
15 time excluded under the Speedy Trial Act under Title 18 U.S.C. section
16 3161(h)(8)(B)(iv) and local code  T-4 for reasonable time necessary for effective
17 preparation by counsel. The case has a status conference set for September 25, 2007;

18         3.  United States v. Jose Portillo: CR-S-07-189; the government filed an
19 indictment on May 3, 2007 against the single defendant alleging a violation of title 21
20 U.S.C. section 846 and 841(a)(1) conspiracy to possess with intent to distribute and
21 distribution of at least 5 kilograms of a mixture and substance containing a detectible
22 amount of cocaine. A status conference was held on July 31, 2007 and the case was
23 continued to September 25, 2007 with time excluded under the Speedy Trial Act
24 under Title 18 U.S.C. section 3161(h)(8)(B)(iv) and local code  T-4 for reasonable
25 time necessary for effective preparation by counsel.

4

**SPEEDY TRIAL ACT-EXCLUSION OF TIME**

The parties agree and stipulate the Court can find an exclusion of time from the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., based on the complexity of the case due to the amount of discovery (both number of pages presently over 2,500, the voluminous amount of audio wire tap recordings and the new discovery the government will be producing), the fact that all the defendants speak and write only in Spanish and the written discovery is only in English and that the audio tapes are mostly in Spanish and that defense counsel must use an interpreter when reviewing the written discovery and the audio tape wire tap recordings with their respective clients, that fact that this case is related to three other cases in this Court, the needs of counsel to prepare pursuant to Title 18 U.S.C. section 3161(h)(8)(B)(ii) and (iv) and Local Codes T-2 and T-4 for complexity and reasonable time necessary for effective preparation by counsel; the parties stipulate and agree that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial, Title 18 U.S.C. § 3161(h)(8)(A), for the all of the above stated factual reasons.

Defense counsel has discussed this with the government and the government agrees with the continuance.

Finally, James R. Greiner has been authorized by counsel for the government and other defense counsel to sign on their behalf.

Respectfully submitted,

McGREGOR W. SCOTT
UNITED STATES ATTORNEY

DATED: 9-20-07

/s/ CAROLYN K. DELANEY authorized by e mails

_____
CAROLYN K. DELANEY
ASSISTANT UNITED STATES ATTORNEY
ATTORNEYS FOR THE PLAINTIFF

| | | |
|---|---|---|
| DATED: 9-20-07 | | LAW OFFICES OF DWIGHT M. SAMUEL |
| | | /s/ DWIGHT M. SAMUEL |
| | | _____ |
| | | DWIGHT M. SAMUEL |
| | | ATTORNEY FOR DEFENDANT |
| | | MISAEL CAMACHO |
| DATED: 9-20-07 | | LAW OFFICE OF GILBERT A. ROQUE |
| | | /s/ GILBERT A. ROQUE |
| | | _____ |
| | | GILBERT A. ROQUE |
| | | ATTORNEY FOR DEFENDANT |
| | | JUAN CAMACHO |
| DATED: 9-20-07 | | LAW OFFICES OF JAMES R. GREINER |
| | | /s/ JAMES R. GREINER |
| | | _____ |
| | | JAMES R. GREINER |
| | | ATTORNEY FOR DEFENDANT |
| | | EDI CAMACHO |

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: September 25, 2007

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT