**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
EDI CAMACHO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.NO.S-07-0289-LKK |
| ) | |
| PLAINTIFF, ) | STIPULATION AND |
| ) | ORDER TO CONTINUE STATUS |
| v. ) | CONFERENCE TO |
| ) | JANUARY 29, 2008 |
| EDI CAMACHO, et al, , ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| _____) | |

Plaintiff, the United States of America, by its counsel, Assistant United States Attorneys, Ms. Carolyn Delaney and Mr. Samuel Wong, and defendant, MISAEL CAMACHO, represented by Mr. Dwight Samuel and defendant JUAN CAMACHO, represented by Mr. Gilbert Roque, and defendant EDI CAMACHO, represented by Mr. James R. Greiner, hereby stipulate and agree that the status conference calendared for Tuesday, December 11, 2007, at 9:30 a.m., before the Honorable Senior United States District Court Judge, Lawrence K. Karlton, shall be continued to Tuesday, January 29, 2008, at 9:30 a.m..

Ms. Ana Rivas, the Court's courtroom deputy clerk, was contacted by counsel to check the proposed date and the date of Tuesday, January 29, 2008, was open and available for the Court for a further status hearing date. No trial date has been set. The

1

1  defendants are in custody.

## STATUS OF THE CASE TO DATE

On June 27, 2007, the government filed an Indictment against the three defendants. In Count one (1) the government alleges that all three defendants violated Title 21 U.S.C. section 846 and 841(a)(1), conspiracy to possess with intent to distribute and distribute cocaine. In addition, the government alleged that both Edi Camacho and Misael Camacho had been convicted of a prior drug conviction. In Count two (2) the government alleges that all three defendants violated Title 21 U.S.C. section 841(a)(1) possession of cocaine with intent to distribute. In addition, the government alleged that both Edi Camacho and Misael Camacho had been convicted of a prior drug conviction.

The potential penalties facing the defendants are as follows: for Edi Camacho and Misael Camacho as to both Counts one and two potentially face twenty (20) years to life, a $8,000,000 fine or both and 10 years of supervised release (if not deported) and a $100 assessment on each count: co-defendant Juan Camacho potentially faces on count one and two 10 years to life, a $4,000,000 fine or both, 5 years of supervised release (if not deported) and a $100 assessment on each count.

The case has not been set for motions or for trial.

All of the defendants are in custody in the Sacramento County Jail.

## DISCOVERY TO DATE

The government has provided the following discovery to date:

1-approximately 2,500 pages of discovery (all in English). The discovery needs to be read to the clients since all three defendants only speak and write Spanish and the written discovery to date is only in English.

2-the government has discovered audio tape recordings, which are voluminous. The range of recordings in length of time is approximately between 2

1  seconds to almost 5 minutes. The audio tapes are almost all in the Spanish language
2  (there are a few recordings that are in English due to recordings of sales calls for
3  various products that are in English). These audio tapes need to be reviewed by
4  defense counsel with their respective clients and with the assistance of an interpreter.
5  This is and will be a very time consuming process.

6        3-the defense is in the pro0cess of getting the Spanish speaking audio
7  tapes translated from Spainish to English and so that then the attorneys can review the
8  audio tapes for legal purposes (motions, state of the evidence, what to advise the
9  respective clients regarding trial, plea negotiations and legal avenues among other
10  items) and then to review the tapes as they are being played to the clients with the
11  translated transcripts so that the attorneys and respective clients have a reasonable
12  ability to work together and communicate about the audio tapes. This is a very time
13  consuming process.

14      Based on the volume of discovery, both in pages (after the new discovery from
15  the government it will be in excess of 2,500 pages) and the audio tapes, this case is
16  complex under the wording of the Speedy Trial Act.

17      In addition, investigation is on going by the defense, and due to the government
18  representing it will produce new and additional discovery, the investigation is in a
19  fluid state and continues to be ongoing.

20      Finally, the defense just received notice on December 7, 2007, that there is
21  another related case with additional defendants stemming from the same wire taps.
22  This case is under seal so the defense has no further information than that. However,
23  there is at least one additional defendant now in a related case which does change the
24  case status and which now prudently must be investigated and discussed with the
25  respective clients.

26
27
28

## RELATED CASES IN THIS COURT DUE TO THE WIRETAPS

On June 5, 2007, the government filed with this Court a notice of related cases for the following cases:

      1-United States v. Jesus Vega: CR-S-07-165;

      2- United States v. Rito Beltran-Leon: CR-S-07-170;

      3- United States v. Jose Portillo: CR-S-07-189.

The government gave notice that the cases were related due to the wiretaps that were related.

On December 7, 2007, the government gave notice that the following case was related stemming from the same wiretaps:

      1-United States v. Luis Humberto Lopez-Avilez: CR-S-07-503-EJG.

The status of the related cases is as follows:

1-United States v. Jesus Vega: CR-S-07-165–the government filed an indictment on April 26, 2007 and a superseding indictment of August 2, 2007 alleging conspiracy with intent to distribute and distribution of at least 5 kilograms of a mixture and a substance containing a detectable amount of cocaine (alleged violation of Title 21 U.S.C. section 846 and 841(a)(1). On July 31, 2007, a status conference was held and the case was continued to September 25, 2007, with time under the Speedy Trial Act excluded under Title 18 U.S.C. section 3161(h)(8)(B)(ii) and (iv) and Local Codes T-2 and T-4 complexity and reasonable time necessary for effective preparation by counsel;

2- United States v. Rito Beltran-Leon: CR-S-07-170–the government filed an indictment on April 26, 2007 alleging against all three defendants two counts, Count one conspiracy to possess with intent to distribute and distribution of at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine (Title 21 U.S.C. section 846 and 841(a)(1) and count two

1 possession of at least 500 grams of a mixture and substance containing a detectable
2 amount of methamphetamine with intent to distribute (Title 21 U.S.C. section
3 841(a)(1). Status conferences were held on May 21, June 26 and July 31, 2007 with
4 time excluded under the Speedy Trial Act under Title 18 U.S.C. section
5 3161(h)(8)(B)(iv) and local code T-4 for reasonable time necessary for effective
6 preparation by counsel. The case has a status conference set for September 25, 2007;

7     3. United States v. Jose Portillo: CR-S-07-189; the government filed an
8 indictment on May 3, 2007 against the single defendant alleging a violation of title 21
9 U.S.C. section 846 and 841(a)(1) conspiracy to possess with intent to distribute and
10 distribution of at least 5 kilograms of a mixture and substance containing a detectible
11 amount of cocaine. A status conference was held on July 31, 2007 and the case was
12 continued to September 25, 2007 with time excluded under the Speedy Trial Act
13 under Title 18 U.S.C. section 3161(h)(8)(B)(iv) and local code T-4 for reasonable
14 time necessary for effective preparation by counsel.

15     4-United States v. Luis Humberto Lopez-Avilez: CR-S-07-503-EJG, this case is
16 sealed and the defense has no new information.

17

18     **SPEEDY TRIAL ACT-EXCLUSION OF TIME**

19     The parties agree and stipulate the Court can find an exclusion of time from the
20 Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., based on the complexity of
21 the case due to the amount of discovery (both number of pages presently over 2,500,
22 the voluminous amount of audio wire tap recordings and the new discovery the
23 government will be producing), the fact that all the defendants speak and write only in
24 Spanish and the written discovery is only in English and that the audio tapes are in the
25 overwhelming vast super majority (approaching some 85-90%) in Spanish and that
26 defense counsel must use an interpreter when reviewing the written discovery and the
27 audio tape wire tap recordings with their respective clients, that fact that this case is

28

5

1  related to now four other cases in this Court, the needs of counsel to prepare pursuant
2  to Title 18 U.S.C. section 3161(h)(8)(B)(ii) and (iv) and Local Codes T-2 and T-4 for
3  complexity and reasonable time necessary for effective preparation by counsel; the
4  parties stipulate and agree that the interests of justice served by granting this
5  continuance outweigh the best interests of the public and the defendants in a speedy
6  trial, Title 18 U.S.C. § 3161(h)(8)(A), for the all of the above stated factual reasons.

7       Defense counsel has discussed this with the government and the government
8  agrees with the continuance.

9       In addition, all of the other related cases have now been continued to Tuesday,
10  January 29, 2008, so that judicial economy is best served by continuing this case, and
11  the parties so stipulate and agree.

12       Finally, James R. Greiner has been authorized by counsel for the government
13  and other defense counsel to sign on their behalf.

14                           Respectfully submitted,

15                           McGREGOR W. SCOTT
                         UNITED STATES ATTORNEY
16  DATED: 12-10-07

17                           /s/ CAROLYN K. DELANEY authorized by e mails
                                     and telephone
18                           _____
                         CAROLYN K. DELANEY
19                           ASSISTANT UNITED STATES ATTORNEY
                         ATTORNEYS FOR THE PLAINTIFF
20  DATED: 12-10-07         LAW OFFICES OF DWIGHT M. SAMUEL
21
22                           /s/ DWIGHT M. SAMUEL authorized by e mail
                         _____
23                           DWIGHT M. SAMUEL
                         ATTORNEY FOR DEFENDANT
                         MISAEL CAMACHO
24
25
26  DATED: 12-10-07         LAW OFFICE OF GILBERT A. ROQUE
27
28                                     6

|  |  |
|---|---|
|  | /s/ GILBERT A. ROQUE authorized by telephone |
|  | _____ |
|  | GILBERT A. ROQUE |
|  | ATTORNEY FOR DEFENDANT |
|  | JUAN CAMACHO |
| DATED: 12-10-07 | LAW OFFICES OF JAMES R. GREINER |
|  | /s/ JAMES R. GREINER |
|  | _____ |
|  | JAMES R. GREINER |
|  | ATTORNEY FOR DEFENDANT |
|  | EDI CAMACHO |

**ORDER**

**FOR GOOD CAUSE SHOWN,  IT IS SO ORDERED.**

DATED: December, 10, 2007

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7